IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ernest Frost, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 3194 |
| LVNV Funding, LLC, a Delaware limited liability company, and Mercantile Adjustment Bureau, LLC, a New York limited liability company, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ernest Frost, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Ernest Frost ("Frost"), is a citizen of the State of West Virginia, from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, which was then allegedly owed to a bad debt buyer, LVNV Funding, despite the fact that he was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MAB operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MAB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant MAB.

7. Defendant LVNV and MAB are both authorized to conduct business in

the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, LVNV and MAB each conduct extensive and substantial business in Illinois.

8. Defendant LVNV and MAB are both licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendant LVNV and MAB act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Frost is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to Credit One Bank. At some point in time, Defendant LVNV bought Mr. Frost's Credit One Bank debt, and when LVNV began trying to collect the Credit One Bank debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Specifically, Defendant LVNV hired another debt collector, Creditors Financial Group, LLC, to demand payment of the Credit One Bank debt from Mr. Frost by sending him a collection letter, dated August 8, 2010. A cop of this collection letter is attached as Exhibit C.

11. Accordingly, on September 30, 2010, one of Mr. Frost's attorneys at LASPD informed Defendants, through LVNV's agent, Creditors Financial Group, LLC, that Mr. Frost was represented by counsel, and directed LVNV to cease contacting him, and to cease all further collection activities because Mr. Frost was forced, by his

financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant LVNV then had Defendant MAB send Mr. Frost a collection letter, dated May 11, 2011, which demanded payment of the Credit One Bank debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on April 20, 2012, Mr. Frost's LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Mr. Frost's agent/attorney, LASPD (Exhibit D), told Defendants to cease communications and cease collections. By continuing to

4

communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Mr. Frost was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Mr. Frost was represented by counsel, and had directed a cessation of communications with Mr. Frost. By directly sending a collection letter (Exhibit E) to Mr. Frost, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ernest Frost, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Frost, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ernest Frost, demands trial by jury.

Ernest Frost,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: April 30, 2012

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com